ELIZABETH BRANDON BURTON, Appellee,

*v.*

ROBERT L. BURTON, SR., et al., Appellants.

(*Nashville,* December Term, 1960.)

Opinion filed March 10, 1961.

STEPHENSON, LACKEY & HOLMAN, THOMAS H. SHRIVER, Nashville, for appellant Robert L. Burton, Sr.

ROBERT W. STURDIVANT, W. OVID COLLINS, JR., Nashville, for appellee.

12

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Mr. Burton has attacked a consent decree. The Chancellor sustained Mrs. Burton's demurrer. The Special Chancellor has filed a full memorandum which has been of great assistance to the Court. The 8 assignments of error in behalf of the appellant Robert L. Burton, Sr., seek to raise several questions but there is one question which will be determinative, if answered in the affirmative.

That question is whether a consent decree entered Nov. 7, 1947, in a case styled *Elizabeth Brandon Burton v. Nashville Trust Company, Trustee, et al.,* Rule Docket No. 63911, which was signed by Robert L. Burton, Sr., and Elizabeth Brandon Burton personally and by the attorneys for all parties is binding upon Robert L. Burton, Sr., under the circumstances to be briefly related hereinafter.

Mr. and Mrs. Burton were married on April 6, 1935, Mrs. Burton filed suit for divorce in the Chancery Court at Nashville on March 31, 1944, and was granted a decree on November 29, 1944. The decree recited that the parties had entered into a property settlement and no adjudication of their property rights was made. The property settlement was dated April 11, 1944. It recited that Mr. Burton was the beneficiary of a trust created for him by his father and that he agreed to instruct the Nashville Trust Company, the Trustee, to pay the sum of $600 quarterly to her for the support of herself and children commencing in June, 1944. Subsequently and pursuant

to the suggestion of Mr. Burton, his father, Mr. A. M. Burton, in May, 1944, created a new trust, irrevocable, in place of the prior one which was revocable, and provided under Sec. B that the Trustee pay to Mrs. Burton $2,400 per year "until her death of remarriage". Subject to this provision in favor of Mrs. Burton, it was provided that the rest of the net income be paid to Mr. Robert L. Burton, Sr., during his lifetime and this trust for the latter was made a spendthrift trust.

This couple was remarried in May, 1946, and shortly afterwards separated. Mrs. Burton filed a suit for divorce in July, 1946, and sought alimony for herself and support for her two young minor children; she sought to require the Trustee to pay the $600 per quarter into court for such alimony and support.

In March, 1947, Mrs. Burton was granted a divorce for the second time with custody of the children and awarded $570, payable quarterly for alimony and support of the children. The decree recited that it was anticipated that the defendant would pay same out of monies paid to him from said trust fund.

On January 10, 1947, prior to the aforesaid second divorce decree, Mrs. Burton filed her bill against Mr. Burton and the Trustee seeking an adjudication that she was entitled to the quarterly payment of $600 on the ground that the word "remarriage" used in the trust instrument meant "remarriage to some person other than Robert L. Burton, Sr.". She charged also that Mr. Burton perpetrated a fraud on her in persuading her to remarry him, for the purpose only of undertaking to defeat her rights under the trust instrument. Sept. 5, 1947, she filed a petition alleging that he had violated the court

14

decree by collecting the money from the trust fund on June 10, 1947, and leaving the jurisdiction of the Court.

With the record in this condition a consent decree was entered on Nov. 7, 1947, which recited in part as follows:

"Complainant filed this bill alleging that, properly construed said trust instrument did not call for a termination of said $600 quarterly payments to her upon her remarriage to her former husband, and, further, that said remarriage was effected in bad faith for the purpose of defeating her claimed rights under said instrument, and that by his answer Robert L. Burton, Sr., maintains that, properly construed, said instrument calls for a termination of all payments to Elizabeth Brandon Burton upon her remarriage to anyone, and that upon her remarriage to him said claimant was entitled to no further payments out of said trust fund, and said defendant denied that said remarriage was contracted in bad faith and for the purpose of defeating complainant's rights, and consequently that, according to the terms of said instrument he was entitled to all of the income from said trust;".

The decree recites the compromise settlement of all the differences between the parties "concerning an interpretation of said trust instrument, to extend so long as both of said parties shall live, or until the remarriage of Elizabeth Brandon Burton to some person other than the defendant, Robert L. Burton, Sr., * * *".

The insistence on behalf of appellant, Mr. Burton, is that, although he is otherwise *sui juris,* he was not *sui juris* in the sense that he could enter into a consent decree or, implicit in his position, otherwise change the terms of said spendthrift trust or give up any of his rights under it. He relies upon *Vines v. Vines,* 143 Tenn. 517,

532 et seq., 226 S.W. 1039, for the rule that a spendthrift trust can not be terminated by mutual agreement between the trustee and the beneficiaries.

The Chancellor readily agreed with the rule stated in that case and so does this Court, but we think that brief reflection and analysis will show the inapplicability of the Vines case. There, the beneficiaries were attempting to renounce the provisions made in the trust for their benefit, but there was no question about the provisions having been made for their benefit. Whereas in the present case, the creator of the trust, the father of Mr. Burton, has used ambiguous language that requires construction. The only two ways a construction could be arrived at was either by the court itself applying the ordinary rules of construction, or by the parties themselves, being *sui juris,* acting through the machinery of a consent decree.

Mr. Burton in this situation was confronted with the charge by Mrs. Burton in her pleadings that he had perpetrated a fraud upon her in inducing her to remarry him for the sole purpose of being in a position to raise this very question of construction favorable to his own view. If that issue had been litigated to final determination and had resulted adversely to his contention, he would have incurred additional counsel fees and court costs; he was already in contempt of court for failure to have abided by the decree ordering him to pay $570 quarterly for alimony and child support; he evidently thought his chances of success were not favorable, else he would not have been agreeable to a consent decree.

This Court has been cited to no authority, and we know of none, holding that under these circumstances a beneficiary of a spendthrift trust cannot consent to a

decree construing ambiguous language of the trust instrument.

We hold that Mr. Burton was, therefore, capable of binding himself by this consent decree. See Gibson's Suits in Chancery, 4th Ed., Sec. 577, wherein it is said in part:

"A decree is frequently made by consent of parties. In such a case, the Court does not inquire into the merits or equities of the decree, nor whether it is sustained by the pleadings. The only questions for the Court to determine are: (1) Are the parties capable of binding themselves by consent; and (2) whether they have consented, or do now consent, to the proposed decree. These two facts appearing, the Court orders the decree to be entered, provided that it shows upon its face that it is a consent decree. * * *"

Therefore, other questions raised by the assignments of error to the effect that the Chancellor was not made acquainted with the facts, did not know that it was a spendthrift trust, etc., are immaterial.

■ In this attack on said consent decree there is no allegation of any facts showing fraud or mutual mistake. It is well settled that in the absence of such, a consent decree can not be successfully impeached. *Clinchfield Stone Co. v. Stone,* 36 Tenn. App. 252, 254 S.W.2d 8, and authorities cited therein.

The foregoing is determinative of this case and the other matters mentioned by the Chancellor need not be discussed.

Decree affirmed.

All concur.